IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LUCAS W.,[1] | No. 6:20-cv-979-MO |
| Plaintiff, | OPINION & ORDER |
| v. | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

MOSMAN, District Judge:

    This matter comes before me on Plaintiff Lucas W.'s Complaint [ECF 1] against Defendant Commissioner of the Social Security Administration. For the reasons given below, I REVERSE the Commissioner's decision and REMAND this case for further proceedings.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 – OPINION & ORDER

## PROCEDURAL BACKGROUND

On September 6, 2017, Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, with an alleged onset date of November 12, 2013. Tr. 198-208. The Social Security Administration ("SSA") denied his claim initially and upon reconsideration. Tr. 121-29, 133-40. Plaintiff appeared and testified at a hearing before Administrative Law Judge (ALJ) Katherine Weatherly on July 5, 2019. Tr. 36-72. On August 8, 2019, the ALJ issued a decision finding that Plaintiff had not been under a disability at any time from the alleged onset date through the date of the decision. Tr. 11-30. Plaintiff filed an appeal, and the Appeals Council denied review. Tr. 1-6.

## THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 12, 2013, the alleged onset date. Tr. 16. At step two, the ALJ determined that Plaintiff had the following severe impairments: history of bilateral clubfeet status post multiple Achilles tendon lengthening procedures, bilateral ankle deformities, seropositive rheumatoid arthritis, and left lower extremity varicose veins. Tr. 17. At step three, the ALJ found no impairment that met or equaled the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 17. The ALJ assessed Plaintiff's residual functional capacity ("RFC"), as follows:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)2 except the claimant can occasionally climb ramps and stairs, but never climb ladders, ropes, and scaffolds. He should climb no more than two flights of stairs at any time. He can occasionally crouch and crawl, and frequently stoop and kneel. He should avoid exposure to hazards, such as heights and heavy machinery. He can occasionally handle and finger.

Tr. 17.

2 – OPINION & ORDER

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. Tr. 23. At step five, the ALJ found that Plaintiff could still perform jobs existing in significant numbers in the national economy, such as usher, investigator, and gate guard. Tr. 24. The ALJ therefore found Plaintiff not disabled. Tr. 24.

## LEGAL STANDARD

Courts must uphold the ALJ's decision if it "was supported by substantial evidence and based on proper legal standards." *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal quotation marks omitted). When "evidence is susceptible of more than one rational interpretation ... the ALJ's conclusion ... must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Errors in the ALJ's decision do not warrant reversal if they are harmless. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

## DISCUSSION

Plaintiff raises three issues with the ALJ's decision. He first argues that the ALJ's decision is not supported by substantial evidence because evidence submitted to the Appeals Council after the date of the ALJ's decision undermines the ALJ's conclusion that Plaintiff is not disabled. Plaintiff also contends the ALJ erred by discounting his subjective symptom testimony for less than clear and convincing reasons, and that the ALJ erroneously discounted lay witness testimony without germane reasons for doing so. I address these issues in turn.

**I.    Additional Evidence Rejected by the Appeals Council**

Under 20 C.F.R. § 404.970(a)(5), the Appeals Council will review a case at a party's request where it "receives additional evidence that is new, material, and relates to the period on

or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." The Appeals Council will only consider additional evidence ... if [the claimant] show[s] good cause for ... submitting the evidence." 20 C.F.R. § 404.970(b). "[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Commissioner of Social Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).

Before the administrative hearing, Plaintiff's counsel told the ALJ that Plaintiff was scheduled to meet with his treating rheumatologist, Michelle Ryan, M.D., on July 25, 2019—three weeks after the hearing. Tr. 302; *see* 20 C.F.R. §§ 404.935(a), 416.1436(a). At the hearing, Plaintiff's counsel asked the ALJ to hold the record open to evaluate that Dr. Ryan's medical opinion from the July 2019 appointment. Tr. 39. Plaintiff's counsel noted that the additional evidence would be material to the disability determination because, as Karsten Johnson, DO, noted in a consultative examination report, "[Plaintiff's] limitations would more accurately be determined based off of a comprehensive rheumatological exam as his condition can flare at times." Tr. 374, 41. The ALJ granted the request and stated that she would "leave the record open for that . . . technically until the end of July." Tr. 70-71. However, Dr. Ryan did not complete her written medical opinion until August 7, 2019, Tr. 35, and Plaintiff did not obtain a copy until after the ALJ had issued an unfavorable decision in the case. *See* Ex. A to Pl. Br., ECF No. 13-1 at 1; Tr. 25. Defendant does not contest that Plaintiff had good cause for not submitting the evidence to the ALJ prior to the hearing. *See* Def. Br., ECF No. 19 at 3-5.

This additional evidence consisted of a five-page questionnaire Dr. Ryan completed after Plaintiff's July 25, 2019 appointment. Tr. 31-35. Dr. Ryan noted that she had been treating

Plaintiff since June 2014 and saw him two to four times each year. Tr. 31. Plaintiff's diagnoses included seropositive rheumatoid arthritis and history of a poorly healed left olecranon fracture. Tr. 31. Dr. Ryan noted that Plaintiff's rheumatoid arthritis would be life-long. Tr. 31. His symptoms included joint pain and swelling as well as baseline foot and ankle pain secondary to clubfeet. Tr. 32. Relevant clinical findings included positive CCP antibodies, elevated CRP inflammatory marker, generalized swelling, and chronic changes of the ankles. Tr. 32. Dr. Ryan noted that Plaintiff's need to lie down or rest periodically during the day depends on his level of activity, and that he may require a rest period after prolonged walking. Tr. 32.

      Dr. Ryan's submission reflected her opinions that Plaintiff could sit for sixty minutes at a time and six hours total in an eight-hour workday. Tr. 33. He could stand/walk for thirty minutes at a time and up to two hours total in an eight-hour workday. Tr. 33. He required opportunities to shift positions at will. Tr. 33. He would need unscheduled breaks with increasing frequency when working consecutive days. Tr. 34. He could occasionally lift and carry less than ten pounds and never more. Tr. 34. He was limited to bilateral handling for less than 10% of an eight-hour workday, bilateral fingering for less than 5% of an eight-hour workday, and bilateral reaching for less than 10% of an eight-hour workday. Tr. 34. He would require breaks after using his hands for handling and fingering. Tr. 34. He would need to periodically elevate his legs during a physical eight-hour period. Tr. 34. He may miss three or more workdays per month. Tr. 35. Dr. Ryan concluded that these limitations had been present since she began treating Plaintiff. Tr. 35.

      Plaintiff's counsel submitted the additional evidence to the Appeals Council on September 12, 2019. Pl. Br., Ex. A at 1. The Appeals Council considered this information in April 2020, and made it part of the administrative record. Tr. 2 (citing Tr. 31-35). The Appeals Council

concluded that "[w]e find this evidence does not show a reasonable probability that it would change the outcome of the decision." Tr. 2.

Dr. Ryan's August 2019 report directly contradicts the medical evidence supporting the ALJ's RFC determination, and the Appeals Council erred by failing to remand this case for further consideration of that evidence. The ALJ's RFC formulation is the most pivotal finding in a Social Security case—an expression of "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must contemplate the "total limiting effects" of all medically determinable impairments, both "severe" and "non-severe," including the effect of pain. 20 C.F.R. §§ 404.1545(e), 416.945(e). Here, the ALJ gave weight to Dr. Ryan's prior findings in the medical record, and explicitly relied on Dr. Karsten Johnson's opinion that Plaintiff had "no major musculoskeletal or neurological findings.'" Tr. 20, 374. Dr. Johnson's opinion contained a proviso, however, that Plaintiff's limitations could be better captured by a "a comprehensive rheumatological exam as his condition can flare at times." Tr. 374. Dr. Ryan, whose opinion the ALJ elsewhere relied upon (Tr. 18-20), was uniquely positioned to opine on the likelihood of Plaintiff's condition to "flare," as she had cared for Plaintiff's rheumatoid arthritis and other joint conditions for several years. *See, e.g.,* Tr. 407-10. Dr. Ryan's opinions in her August 2019 letter, most notably that Plaintiff needed frequent breaks and would miss three or more workdays per month directly conflicted with the ALJ's RFC. *Compare* Tr. 17 (RFC) *with* Tr. 35 (Dr. Ryan's 2019 letter). Because Dr. Ryan's opinions squarely contradict the RFC and the ALJ's resulting disability determination, and the ALJ credited Dr. Ryan in her opinion, the ALJ must consider this evidence and harmonize it with the remainder of the opinion—if possible—before determining whether Plaintiff was disabled during the relevant period.

**II.    Subjective Symptom Testimony & Lay Witness Testimony**

Plaintiff also argues the ALJ erred by failing to accurately evaluate his subjective symptom testimony and the lay witness testimony of Plaintiff's aunts and grandmother. Pl. Br., ECF No. 13 at 9-13. In discounting both Plaintiff's and his family's testimony, the ALJ relied on, among other things, the conflict between that testimony and relevant medical evidence. *See* Tr. 18 (citing, inter alia, Tr. 368-69). Inconsistency with objective medical evidence can be a valid basis to reject a claimant's or a lay witness's symptom testimony. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (claimant testimony); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (lay witness testimony). As noted above, however, the ALJ did not have a chance to consider Dr. Ryan's relevant evidence about the extent of Plaintiff's limitations. *See, e.g.*, Tr. 407-10. Because Dr. Ryan's opinions support Plaintiff's and the lay witnesses' testimony, and would undermine the ALJ's stated basis for discounting that testimony, the Court will remand so that the ALJ has an opportunity to consider them. On remand, the ALJ should consider whether the objective medical evidence is still inconsistent with Plaintiff's and the lay witnesses' testimony in light of the newly-submitted evidence from Dr. Ryan.

**III.   Remand**

When a court determines an ALJ's decision denying benefits is not supported by substantial evidence, the court may affirm, modify, or reverse the decision "with or without remanding the cause for a rehearing." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)). In determining whether to remand for further proceedings or the immediate payment of benefits, the Ninth Circuit employs the following "credit-as-true" standard when the following requisites are met: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and

further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the plaintiff disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). If all three requisites are met, the court may remand for benefits. *Id.* However, even if all of the requisites are met, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Id.* at 1021.

Here, the first requisite is met. In light of Dr. Ryan's August 2019 letter, substantial evidence no longer supports the ALJ's decision to deny benefits. Further proceedings would be useful, however, for the ALJ to consider the opinions reflected in Dr. Ryan's August 2019 letter, and whether those opinions would alter the RFC or the ALJ's assessment of Plaintiff's or the lay witnesses' testimony. Therefore, this case is remanded for further proceedings so that the ALJ can evaluate Dr. Ryan's August 2019 letter, and reconsider the symptom testimony and the RFC if necessary in light of that newly-submitted evidence.

## CONCLUSION

For the reasons given above, I REVERSE the Commissioner's decision and REMAND this case for further proceedings.

IT IS SO ORDERED.

DATED:       1/3/2024                .

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge